IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chuck Reardon,

    Petitioner,

-vs-

Michael Sheets, *Warden*,

    Respondent.

Case No. 3:08 CV 614

MEMORANDUM OPINION
AND ORDER

JUDGE JACK ZOUHARY

### INTRODUCTION

Petitioner Chuck Reardon, a prisoner in state custody at North Central Correctional Institution in Marion, Ohio, filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a). Petitioner alleges his detention violates the Sixth Amendment of the U.S. Constitution.

The case was referred to United States Magistrate Judge Benita Pearson for a Report and Recommendation (R&R) pursuant to Local Rule 72.2(b)(2). The Magistrate Judge recommended the Court deny the Petition (Doc. No. 15).

Petitioner filed an Objection (Doc. No. 18) to the Magistrate's denial. In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings and adopts the recommendation to deny the Petition.

### BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the record, and this Court adopts them in their entirety (Doc. No. 15, at 2-4). Petitioner was convicted on two

counts of aggravated burglary and robbery with firearm specifications, and is currently serving a ten-year sentence. Statements from Lauren Bair, who was staying at the burglarized home, and who had received a $19,000 insurance settlement that was the target of the burglary, were introduced at trial through the testimony of Police Officer Haynes as well as the testimony of the owner of the home. Petitioner argues this violated his Sixth Amendment right to confrontation.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254, requires a federal habeas court to limit its analysis to the law as it was "clearly established" by the U.S. Supreme Court at the time of the state court decision.[1]

The Supreme Court provided direction on the application of this standard in *Williams v. Taylor*, 529 U.S. 362 (2000). Under the "contrary to" prong of § 2254(d)(1), a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Id.* at 405-06.

The "unreasonable application" prong of § 2254(d)(1) permits a federal habeas court to "grant the writ if the state court identifies the correct governing legal principle . . . but unreasonably applies

---

[1] The relevant section of AEDPA provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim -
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

2

that principle to the facts" of petitioner's case. *Id.* at 413. The "unreasonable application" requires the state court decision to be more than incorrect or erroneous. *Lockyer v. Andrade*, 538 U.S. 63, 76 (2003) (citing *Williams*, 529 U.S. at 407). Rather, the state court's application must have been "objectively unreasonable." *Williams*, 529 U.S. at 409. Therefore, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411; *see also Machacek v. Hofbauer*, 213 F.3d 947, 953 (6th Cir. 2000).

## ANALYSIS

Petitioner's sole asserted ground for relief in his federal habeas Petition is a Sixth Amendment violation. Petitioner argues the statements of Lauren Bair introduced at his trial through the testimony of Officer Haynes and the homeowner were testimonial, and therefore required Bair to testify herself at the trial so as to afford Petitioner an opportunity to confront her. Respondent argues the statement was not testimonial because it "was made in the context of an on-going emergency to a police officer who had an interest [in] resolving this emergency, rather than preserving evidence for prosecution" (Doc No. 7 at 10). This Court agrees with the conclusion of the Magistrate's R&R that the statements were not testimonial.

Petitioner argues that the Ohio Sixth District Court of Appeals unreasonably applied the rule of law found in *Crawford v. Wash.*, 541 U.S. 36 (2004), and *Davis v. Wash.*, 547 U.S. 813 (2006). These cases together established the rule that "where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is the one the Constitution actually prescribes: confrontation." *Crawford*, 541 U.S. at 68. "Testimonial" statements of witnesses absent

3

from trial may be admitted (1) only where the declarant is unavailable, and (2) only where the defendant has had a prior opportunity to cross-examine the witness. *Id.* at 59.

The Supreme Court described with more detail what constitutes a "testimonial" statement in *Davis*, where it held:

> [S]tatements are nontestimonial when made in the course of police interrogation under circumstances objectively indicating that the primary purpose of the interrogation is to enable police assistance to meet an ongoing emergency. They are testimonial when the circumstances objectively indicate that there is no such ongoing emergency, and that the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.

*Davis*, 547 U.S. at 813-14.

The state appeals court did not unreasonably apply the principles of *Crawford* and *Davis* to this case. It is indeed reasonable to describe the questioning of Bair as taking place in an emergency context and therefore not testimonial. Officer Haynes and his partner saw suspects fleeing as they approached the scene. Haynes' partner was pursuing the armed suspects while Haynes questioned Bair. As Bair provided information to Officer Haynes, he relayed that information to his partner and other officers responding to the call. This Court agrees with the Magistrate Judge's assessment: "[t]his scenario equated to an on-going emergency situation with none of the formalities of a testimonial interrogation attached. Officer Haynes was not making notes for a later report but, in the face of chaos, agitation, and uncertainty, was actively seeking to ascertain the whereabouts of armed robbers and to secure the safety of himself, his fellow police officers and the victims" (Doc. No. 15 at 14).

The circumstances in *U.S. v. Arnold*, 486 F.3d 177 (6th Cir. 2007) (*en banc*), are similar to Petitioner's case. The on-the-scene statements in *Arnold* were made by a victim witness shortly after the incident took place, with an armed suspect on the loose. *Arnold*, 486 F.3d at 190-91. The

4

conversation between the witness in *Arnold* and the police served the immediate purpose of meeting the emergency at hand. *Id.* Bair's statements in the instant case occurred under similar circumstances. Armed suspects who had just fled from an attempted robbery of Bair were on the loose, and Bair was still very much reacting to the crime that had just occurred (Doc. No. 15 at 14).

The mere fact that a police officer was present at the scene when Bair made her statements does not necessarily mean there is no longer an emergency. Officers were on the scene in *Arnold*, yet an emergency still existed for the statements made to the officers in that case. *Id.* at 190.

## CONCLUSION

After conducting a *de novo* review of the portions of the R&R objected to by Petitioner, the Magistrate's R&R is hereby adopted. The Petition (Doc. No. 1) is dismissed.

The Court must determine whether to grant a certificate of appealability as to any of the claims Petitioner presented in his Petition pursuant to 28 U.S.C. § 2253. *Castro v. U.S.*, 310 F.3d 900 (6th Cir. 2002). 28 U.S.C. § 2253 states in relevant part:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from –
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . .
> \* \* \*
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.

This "substantial showing" includes demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). The Petitioner makes a colorable argument that his identification by Bair was not made under emergency circumstances, but rather was

5

a testimonial statement implicating Petitioner's confrontation right under *Crawford* and *Davis*. Thus, pursuant to 28 U.S.C. § 2253, the Court certifies an appeal from this action could be taken in good faith and therefore issues Petitioner a certificate of appealability.

Under 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith. A party demonstrates good faith when seeking review of any issue that is not frivolous. *Coppedge v. U.S.*, 369 U.S. 438, 446 (1962). Furthermore, a determination of good faith requires "an inquiry into the merits of the appeal, but does not require that probable success be demonstrated. The Court's inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Jones v. Frank*, 622 F. Supp. 1119, 1120 (W.D. Tex. 1985) (citing *Anders v. Cal.*, 386 U.S. 738, 744 (1967)).

Petitioner's Objection to the R&R is arguable on the merits. Accordingly, under 28 U.S.C. §1915(a), the Court certifies that an appeal of this action could be taken in good faith.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 10, 2009